UNITED STATES of America, Plaintiff—Appellee,

v.

Carlos PARRA–PEREZ, aka Carlos Perez–Perez, Defendant— Appellant.

No. 04–50017.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2005.*

Decided March 11, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Carlos Parra–Perez appeals his jury convictions for bringing an alien into the United States for financial gain, aiding and abetting, inducing and encouraging illegal aliens to enter the United States, and fraud and misuse of entry documents in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) & (v)(II) and 18 U.S.C. §§ 2 & 1546(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

■ Parra–Perez argues that the district court erred in admitting his prior alien smuggling conviction because the pri-

or conviction was not sufficiently similar to the charged crimes. We review the district court's decision to admit the evidence for an abuse of discretion. *United States v. Plancarte–Alvarez*, 366 F.3d 1058, 1062 (9th Cir.2004). Because the government asserted that the prior crime was relevant to prove knowledge, it was required to prove similarity—"a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." *United States v. Mayans*, 17 F.3d 1174, 1181–82 (9th Cir.1994). The district court did not abuse its discretion by finding that the prior alien smuggling offense was similar to the charged offense because both offenses occurred in the early morning at San Ysidro Port of Entry, Parra–Perez drove cars containing undocumented aliens seeking unlawful entry and female passengers to suggest that a family was entering the United States, and the aliens paid Parra–Perez.

In addition, considering the similarity between the alien smuggling crimes, the relevance of the prior crime to Parra's knowledge that his passenger was an undocumented alien, and the use of the limiting instructions, the district court did not abuse its discretion by finding that the probative value of the evidence outweighed its prejudice. *See* Fed.R.Evid. 403.

■ Parra–Perez argues that the district court violated his right to a fair trial and to confront his witnesses by not allowing him to play a video tape of a Spanish-language statement in the course of cross-examining the material witness, in addition to his use of a transcript of the statement, which the district court did allow. We review de novo whether limitations on cross-examination are so severe as to vio-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

late the Confrontation Clause. *United States v. Adamson,* 291 F.3d 606, 612 (9th Cir.2002). The district court did not err in finding that the legitimate interest in avoiding confusion of the jury and possible inaccurate interpretation of the foreign-language videotape outweighed the defendant's interest in admitting the videotape to further impeach the witness. *See* Fed. R.Evid. 403. Defense counsel thoroughly cross examined the material witness regarding her prior inconsistent statements and proved that the material witness made the inconsistent statements through testimony of an inspector. Therefore, exclusion of the videotape did not deprive the jury of the facts necessary to determine credibility.

■ Finally, Parra–Perez argues that the prosecutor improperly vouched for the material witness by stating, "[a]nd that person, we believe, is a credible witness." Because defense counsel objected, we review for harmless error and "reverse unless it is more probable than not that the misconduct did not materially affect the verdict." *United States v. Tham,* 665 F.2d 855, 860 (9th Cir.1981). A prosecutor improperly vouches for the credibility of a witness by "placing the prestige of the government behind a witness through personal assurances of the witness's veracity." *United States v. Necoechea,* 986 F.2d 1273, 1276 (9th Cir.1993). Prosecutors "have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence, including that one of the two sides is lying." *Id.* In context, the prosecutor's statement followed a summary of the evidence, did not place the prestige of the government behind the material witness, and was not improper vouching. In any event, any error was harmless because the district court's curative instruction, given right after the statement, eliminated any harm.

AFFIRMED.